UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LORENZO GREEN, JR.,

    Plaintiff,

    v.                                          CAUSE NO. 3:25-CV-616 DRL-SJF

INDIANA STATE OF *et al.*,

    Defendants.

## OPINION AND ORDER

Lorenzo Green, Jr., a prisoner without a lawyer, filed a confusing complaint alleging unrelated claims against 25 separate defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Criminal charges were brought against Mr. Green in 2007. He is suing the officer who initiated the charges, the prosecutors, and the judge who was assigned to the case.[1]

---

[1] The court notes that, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took

He is also suing the State of Indiana, the Porter County Superior Court, the Porter County Circuit Court, the 67th Judicial Circuit of Indiana, and the State of Indiana. He does not believe his charges were categorized properly in his presentence report, so he is suing two probation officers and Porter County Adult Probation.

He complains that the charging information included his name, address, date of birth, and redacted social security number. He explains that this led him to believe "that [his] entire identity was being charged in violation of [his] 14th Amendment Rights and private right at the same time." ECF 1 at 6.

In April 2007, Mr. Green accepted a plea agreement. This agreement called for restitution to be set within 30 days. It took 100 days. He also says an order recited that the "court enters judgment of conviction," but no such judgment was entered. He further claims that the Indiana Department of Correction never had the judgment. He believes that a document inaccurately recorded the number of days he was incarcerated before sentencing—there is a discrepancy between their calculations of three days. A "judgment lien" was entered at some point, and this led him "to believe that [his] personal/private property as a flesh and blood individual was taken into custody as a surety for payment of judgment or some form of debt." *Id.* at 7.

He believes his "social security number has been used to support two separate identities." *Id.* In relation to this claim, Mr. Green names the following defendants: Porter

---

was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

County Probation, Porter County Superior Court, Porter County Circuit Court, State of Indiana, Indiana Department of Correction,[2] the Reception and Diagnostic Center, New Castle Correctional Facility, Indiana State Prison, Miami Correctional Facility,[3] and the Indiana Parole Office. He thinks his credit time calculation sheet can somehow be used to track the "accounts of these two separate identities." *Id.* at 8. In short, he thinks there is an account for Lorenzo Green and an account for Lorenzo Green, Jr., and that he is being wrongfully held responsible for matters related to Lorenzo Green. He indicates he was "sent/sold to New Castle Correctional Facility by the State of Indiana and Indiana Department of Correction." *Id.*

He is also suing about things that happened at Miami Correctional Facility. Ms. Hawkins allegedly wrongly classified him in some way. He wrote to Warden English about this error, which he says resulted in his wrongful incarceration and "dangerously improper classification, *id.* at 9, though he never says what was dangerous. He sought and was denied protective custody while at Miami Correctional Facility, but it is unclear why he believed he needed protective custody and who denied his request for protective custody. The denial allegedly caused him to need mental health services. He also complains about the conditions of a cell he was housed in briefly while at MCF.

He is suing an officer at MCF, Megan Hensley, for using excessive force against on him on May 21, 2025. He is suing Sergent B. Johnson, Sergeant Powell, Officer Adams,

---

[2] The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

[3] The IDOC facilities listed as defendants are buildings and not suable entities. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

and Officer Miller because they were with Megan Hensley, although he could not see what they did during the encounter due to the OC spray in his eyes. He believes one of them twisted his handcuffs and caused an injury. He is suing Centron (perhaps he means Centurion Health) because he has been disappointed in the medical care he has received for that injury. He seeks monetary damages and immediate release from prison.

As an initial matter, to the extent the plaintiff is seeking his release from incarceration, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Furthermore, some of the language in Mr. Green's complaint suggests his claims may be based on sovereign citizen theories, which courts have repeatedly characterized as legally frivolous and lacking any conceivable validity. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). He will not be permitted to proceed on any claim based on sovereign citizen theories.

Additionally, Mr. Green may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case—as well as to decide when or if to bring the other claims in separate suits. *Id.* ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is

4

the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Mr. Green because a "district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because a "district judge [can] solve the problem by severance (creating multiple suits that can be separately screened)[.]" *Id*. Both solutions pose potential problems. Thus, it's the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Mr. Green is unable to select related claims on which to proceed in this case, one of these options may become necessary.

Mr. Green needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

 If Mr. Green does file an amended complaint, it should contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

5

U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Finally, Mr. Green filed a motion seeking a preliminary injunction. The motion is only one paragraph in length. He claims he's in fear of his life and is being retaliated against by unidentified prison staff. He claims his access to the law library and legal materials is inadequate. And, he alleges that his healthcare has been inadequate. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Mr. Green's allegations are vague. He hasn't demonstrated that either he is likely to succeed on the merits or that he will suffer irreparable harm if an injunction is not granted. Therefore, his motion seeking a preliminary injunction will be denied.

For these reasons, the court:

(1) DENIES the Motion for Emergency Injunctive Relief (ECF 5);

(2) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Lorenzo Green, Jr., along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form;[4]

(3) GRANTS Loreno Green, Jr., until **September 5, 2025**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(4) CAUTIONS Lorenzo Green, Jr., that, if he doesn't respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED.

August 7, 2025                                              *s/ Damon R. Leichty*
                                                            Judge, United States District Court

---

[4] Should Mr. Green require additional forms, he may request them from the clerk.