UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LORENZO GREEN, JR.,

Plaintiff,

v.                                                    CAUSE NO. 3:25cv616 DRL-SJF

INDIANA STATE OF, *et al.*,

Defendants.

OPINION AND ORDER

Lorenzo Green, Jr., a prisoner without a lawyer, initiated this case by filing a confusing complaint alleging unrelated claims against 25 separate defendants. ECF 1. The court granted Mr. Green an opportunity to file an amended complaint that contained only related claims. He filed an amended complaint against nine defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Criminal charges were brought against Mr. Green in April 2007 (Cause No. 64D01-0704-FA-3114). He is suing the officer who initiated the charges, Detective Michael L. Vaughan. He is also suing Porter County Prosecutor Brian T. Gensel and Deputy Prosecuting Attorney of the 67th Judicial Circuit of Indiana Cheryl M. Polarek; Judge

Roger V. Bradford, the presiding state judge; and the Porter County Superior Court, the Porter County Circuit Court, the City of Valparaiso,[1] and the Portage Police Department. He seeks both monetary compensation and relief "from the imposition of an unconstitutional judgment and implementation of state statute." ECF 12 at 14.

Mr. Green pleaded guilty to rape and burglary and was sentenced to 15 years on each count, to be served consecutively for a total of 30 years.[2] *See Indiana v. Green*, No. 64D01-0704-FA-3114 (Porter Super. Ct. 1 filed April 9, 2007), available online at: https://public.courts.in.gov/mycase (visited July 1, 2026). He remains incarcerated. His conviction hasn't been overturned.

Mr. Green can't seek to have his conviction overturned in a civil lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief can't be pursued under 42 U.S.C. § 1983).

He also can't pursue a claim for damages in a civil suit based on a theory that his outstanding conviction is unlawful. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside"). Claims against police pertaining to certain types of wrongdoing that occurred during an arrest, such as excessive force or arrest

---

[1] He separately lists the Municipality of Valparaiso as a defendant, but the City of Valparaiso is a municipality, so this is not a separate defendant.

[2] The court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

without probable cause, are not necessarily barred by *Heck*. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). Here, however, the court understands Mr. Green to be claiming that Detective Vaughan's actions violated the Double Jeopardy Clause, which would implicate the validity of his outstanding conviction. *See Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020) (en banc); *Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001). A favorable judgment for Mr. Green on the allegations in the complaint would necessarily undermine the validity of his conviction. Therefore, Mr. Green's claims are barred by *Heck.*

To the extent that Mr. Green's complaint could be construed to contain any claim that falls outside of *Heck*, he has other problems. The court already explained to Mr. Green that the judge and prosecutors are immune from suit:

> The court notes that, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

ECF 9 at 1, fn. 1. Mr. Green is challenging the prosecutors' discretionary prosecutorial decisionmaking actions, which are undoubtedly part of the judicial phase of the criminal process. Though Mr. Green argues that Judge Bradford was acting in the absence of all

jurisdiction, the amended complaint doesn't contain facts that plausibly support that assertion. Thus, Judge Bradford and the prosecutors are immune from suit.

Mr. Green named Detective Michael L. Vaughan as a defendant because he allegedly subjected him to double jeopardy, charging him twice for the same incident. The Double Jeopardy Clause of the Fifth Amendment "was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187 (1957). Mr. Green doesn't allege (and the record doesn't support a finding) that Mr. Green was either tried or convicted more than once for the same offense. Rather, he complains that the initial charges were "brought twice" when they were amended. An amendment to the charging instrument doesn't offend the Double Jeopardy Clause.

Mr. Green named the Portage Police Department as a defendant. Municipal police departments, however, aren't suable entities in Indiana. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

Mr. Green named the City of Valparaiso as a defendant. A municipality may only be held liable for constitutional violations caused by the municipality through its own policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Here, the amended complaint doesn't state a claim against any individual defendant. It also doesn't allege facts from which it could be plausibly inferred that any individual defendant's alleged actions were the result of any policy, custom, or practice of the City of Valparaiso. Thus, he can't proceed against the City of Valparaiso.

4

Mr. Green also named the Porter County Superior Court and Porter County Circuit Court as defendants. In Indiana, state courts are "a division of the State of Indiana, so [plaintiff's] suit is one against Indiana itself." *King v. Marion Circuit Court*, 868 F.3d 589, 591 (7th Cir. 2017); *see* Ind. Const. art. 7 § 1 ("The Judicial power of the State shall be vested in one Supreme Court, one Court of Appeals, Circuit Courts, and such other courts as the General Assembly may establish."). Because the courts act on behalf of the State when conducting criminal proceedings, there are strict limits on when it may be sued in federal court. "The Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated their immunity." *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012). There isn't a state statute allowing the circuit or superior courts to be sued, and "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Therefore, the claims against the circuit and superior courts can't proceed. In short, Mr. Green's complaint doesn't state a claim against any of the named defendants.[3]

Mr. Green can't proceed on his amended complaint, both because it is barred by *Heck* and because, even in the absence of the *Heck* bar, the complaint doesn't state a claim against any named defendant. As already noted, to the extent Mr. Green seeks release

---

[3] Finally, Mr. Green's claims face one more obstacle: he is suing about events that occurred in 2007. To the extent that Mr. Green could have any claims that are not barred by *Heck*, a two-year statute of limitations applies. *See e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). Nothing in the complaint suggests that equitable tolling would apply here.

from what he refers to as "an unconstitutional judgment and implementation of State Statute" (ECF 12 at 14), "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement[.]" *Heck*, 512 U.S. at 481.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the amended complaint fails to state a claim.        .

SO ORDERED.

July 6, 2026                                    *s/ Damon R. Leichty*
                                               Judge, United States District Court